**In The**
*Court of Appeals*
*Ninth District of Texas at Beaumont*
**NO. 09-23-00074-CR**

**SHERMAN DEWAYNE GRIFFIN III, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 435th District Court**
**Montgomery County, Texas**
**Trial Cause No. 22-02-01601-CR**

**MEMORANDUM OPINION**

Sherman Griffin was convicted of murder, a first-degree felony. *See* Tex. Penal Code Ann. § 19.02(c). The trial court sentenced Griffin to 75 years in the Institutional Division of the Texas Department of Criminal Justice. We affirm.

Griffin's appellate counsel filed an *Anders* brief that presents counsel's professional evaluation of the record and concludes the appeal is frivolous; he then filed a motion to withdraw as counsel. *See Anders v. California*, 386 U.S. 738

(1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). We notified Griffin of his right to file a pro se brief and notified him of the deadline for doing so, but we received no response from him. The Court of Criminal Appeals has held that we need not address the merits of issues raised in an *Anders* brief. *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). Rather, an appellate court may determine: (1) "that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error[;]" or (2) "that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues." *Id.*

We have reviewed the appellate record, and we agree with counsel's conclusion that no arguable issues support an appeal. Therefore, we find it unnecessary to order appointment of new counsel to re-brief the appeal. *Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). Accordingly, we affirm the trial court's judgment.[1]

AFFIRMED.

JAY WRIGHT
Justice

Submitted on October 13, 2023
Opinion Delivered October 25, 2023
Do Not Publish

Before Golemon, C.J., Johnson and Wright, JJ.

---

[1] Griffin may challenge our decision in this case by filing a petition for discretionary review. *See* Tex. R. App. P. 68.